IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2008

Charles R. Fulbruge III
Clerk

No. 08-50383
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN FRANCISCO ENRIQUEZ-ORNELAS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2704-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Francisco Enriquez-Ornelas (Enriquez) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. Because Enriquez previously had been convicted of transportation of illegal aliens, his offense level was adjusted upward by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Enriquez requested a downward

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

variance from the guidelines sentence range of 46-57 months.[1] The request was denied, and Enriquez was sentenced at the bottom of the guidelines range to 46 months of imprisonment and three years of supervised release.

Enriquez contends that his sentence of imprisonment was greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a)(2). Enriquez concedes that this court ordinarily applies a presumption of reasonableness to within-guidelines sentences. See United States v. Campos-Maldonado, 531 F.3d 337, 338 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008); United States v. Gomez-Herrera, 523 F.3d 554, 565-66 (5th Cir. 2008), cert. denied, 77 U.S.L.W. 3324 (2008). Citing Kimbrough v. United States, 128 S. Ct. 558, 574-75 (2007), Enriquez contends that the presumption should not apply in this case because § 2L1.2 is not empirically supported.

In support of his contention that application of this guideline results in sentences that are arbitrarily harsh, he notes that his conviction for the nonviolent offense of transportation of illegal aliens was considered both in determining his criminal history score and in applying the 16-level adjustment under § 2L1.2. He maintains that the adjustment was too harsh and that his resulting offense level was the same as the offense levels for sexual abuse of a minor and many other offenses he views as more serious than being found unlawfully in the United States following removal. He contends that the guidelines range did not account for the following factors: that he reentered the United States to see to the welfare of his children, his cultural assimilation, his solid work history, that the reason for his illegal reentry had been resolved, and his resolve to stay in Mexico. The record reveals that Enriquez reentered the country illegally only a few months after he had been deported following his transportation of illegal aliens conviction.

---

[1] The maximum term of imprisonment for this offense under these circumstances would be twenty years. 8 U.S.C. § 1326(b)(2)(2005).

Contrary to Enriquez's argument, the Kimbrough Court said nothing of the applicability of the presumption of reasonableness. The district court considered Enriquez's request for leniency in light of his personal circumstances, but it ultimately determined that a sentence within the guidelines range was appropriate. In sentencing him to the bottom of that range, the court expressly took into account the factors Enriquez argues here. Enriquez's within-guidelines sentence is presumptively reasonable; even without this presumption, Enriquez has not shown that his sentence is unreasonable. See Campos-Maldonado, 531 F.3d at 338; Gomez-Herrera, 523 F.3d at 565-66. Accordingly, the judgment of the district court is AFFIRMED.